1  Steven C. Wolan (State Bar No. 56237)
   Kristin A. Smith (State Bar No. 242643)
2  PATTON✦WOLAN✦CARLISE, LLP
   1999 Harrison Street, Suite 1350
3  Oakland, CA  94612-3582
   Telephone:   (510) 987-7500
4  Facsimile:   (510) 987-7575
5  Emails: swolan@pwc-law.com; ksmith@pwc-law.com

6  Attorneys for Defendants, ALAMEDA HEALTH
   SYSTEM, and ALAMEDA HEALTH SYSTEM
7  sued incorrectly herein as HIGHLAND HOSPITAL

8
                   UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10

11
   FRANCESCO ISOLANI, M.D., an individual,       Case No.:
12 JANEY KUNKLE, M.D., an individual,
   RENEE PETTY, M.D., an individual, ROGER       NOTICE OF REMOVAL OF ACTION; UNDER
13 PROCTOR, M.D., an individual and STAR         28 U.S.C. §1441(b) (FEDERAL QUESTION)
   SILLS, M.D., an individual,
14                                               DEMAND FOR JURY TRIAL
                Plaintiffs,
15
                                                 Complaint Filed:   September 6, 2013
16      vs.

17 HIGHLAND GENERAL HOSPITAL, entity
   unknown, ALAMEDA HEALTH SYSTEM,
18 entity unknown; and DOES 1 through 25,

19              Defendants.

20

21
        TO THE CLERK OF THE ABOVE-ENTITLED COURT:
22
        PLEASE TAKE NOTICE that Defendants, ALAMEDA HEALTH SYSTEM, and ALAMEDA
23
   HEALTH SYSTEM sued incorrectly herein as HIGHLAND HOSPITAL (collectively "Defendants"),
24
   hereby remove to this Court the state court action described below.
25
        1.      On September 6, 2013 an action was commenced in the Superior Court of the State of
26
   California in and for the County of Alameda, entitled FRANCESCO ISOLANI, M.D, et. al, Plaintiffs,
27
   vs. HIGHLAND HOSPITAL, entity unknown; ALAMEDA HEALTH SYSTEM, entity unknown;
28

1  and, DOES 1 to 25, Defendants, as case number RG13694735.  Attached hereto as Exhibit "A" is a

2  true and correct copy of Plaintiffs' Complaint in this Matter.

3       2.    The first date upon which Defendants received a copy of said Complaint was   October

4  8, 2013, when Defendants were served with a copy of the Complaint, Civil Cover Sheet, and a

5  Summons from the state court for the County of Alameda.  A true and correct copy of the Summons is

6  attached hereto as Exhibit "B."  It is marked "RECEIVED OCT 08 2013 ACMC BOARD OF

7  TRUSTEES" (ALAMEDA HEALTH SYSTEM was formerly known as ALAMEDA COUNTY

8  MEDICAL CENTER ("ACMC")).  Plaintiff did not serve Defendants with copies of the Proofs of

9  Service of Summons and at this time, neither is available for viewing on the Superior Court of the

10  County of Alameda's online system, DomainWeb.  Attached hereto as Exhibit "C" is the Civil Case

11  Coversheet.

12       3.    Attached hereto as Exhibit "D" is the Notice of Assignment of Judge for All Purposes.

13  Attached hereto as Exhibit "E" is the Initial Case Management Order.  Neither of these documents

14  were served on Defendants.  These were obtained from the Superior Court for the County of

15  Alameda's DomainWeb online system.

16       4.    **Jurisdiction:** This action is a civil action of which this Court has original jurisdiction

17  under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendants pursuant to the

18  provisions of 28 U.S.C. §1441(a) in that it arises under the federal Employee Retirement Income

19  Security Act, 29 U.S.C. § 1001 et seq. (hereinafter "ERISA").  The Plaintiffs' Complaint alleges, in

20  the Factual Allegations Common to All Causes of Action, Plaintiffs' First Cause of Action, Plaintiffs'

21  Second Cause of Action, Plaintiffs' Third Cause of Action, Plaintiffs' Sixth Cause of Action,

22  Plaintiffs' Seventh Cause of Action, and Plaintiffs Tenth Cause of Action, inter alia, that Defendants

23  willfully avoided paying Plaintiffs monetary sums owed them for medical insurance, which is

24  governed by ERISA.  29 U.S.C. § 1002 (1)(A) and (3); 29 U.S.C. § 1003; see Plaintiffs' Complaint,

25  page 3, lines 23-24; page 5 lines 12-13; page 6, lines 8-9; page 6, lines 16-17; page 7, lines 11-12;

26  page 9, lines 20-21; page 10, lines 24-25; and page 13, lines 18-19, attached hereto as Exhibit "A".

27       5.    All Defendants who have been served with Summons and Complaint are represented by

28  counsel signing this Notice and are parties to this Notice of Removal.

NOTICE OF REMOVAL OF ACTION, UNDER 28 U.S.C. §1441(a) (FEDERAL QUESTION)

1    6.    **Demand for Jury Trial:** Defendants hereby demand a jury trial in this action.

2

3    Dated: November 1, 2013                     PATTON ♦ WOLAN ♦ CARLISE, LLP

4

5

6                                               STEVEN C. WOLAN
                                                KRISTIN A. SMITH
7                                               Attorneys for Defendants ALAMEDA HEALTH
                                                SYSTEM and ALAMEDA HEALTH SYSTEM
8                                               sued incorrectly herein as HIGHLAND
                                                HOSPITAL
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF REMOVAL OF ACTION, UNDER 28 U.S.C. §1441(a) (FEDERAL QUESTION)

# EXHIBIT A

1  ALBERT G. STOLL, JR., A LAW CORPORATION
   Albert G. Stoll, State Bar No. 164649
2  Cristina Molteni, State Bar No. 244715
   Jessica Juarez, State Bar No. 269600
3  55 Francisco Street, Ste. 403
   San Francisco, CA 94133
4  Tel: (415) 576-1500
   Fax: (415) 576-1501
5

6  LEIANN LAIKS, State Bar No. 218404
   FUSION LAW GROUP
7  155 Montgomery Street, Suite 805
   San Francisco, CA 94104
8  Telephone: (415) 625-3953
   Facsimile: (646) 607-6781

9  Attorneys for Plaintiffs
   FRANCESO ISOLANI, M.D.,
10  JANEY KUNKLE, M.D.,
   RENEE PETTY, M.D.,
11  ROGER PROCTOR, M.D. and
   STARLA SILLS, M.D.
12

| | FILED BY FAX |
| --- | --- |
| | ALAMEDA COUNTY |
| | September 06, 2013 |
| | CLERK OF |
| | THE SUPERIOR COURT |
| | By Rosanne Case, Deputy |
| | CASE NUMBER: |
| | **RG13694735** |

13                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                FOR THE COUNTY OF ALAMEDA - UNLIMITED JURISDICTION

15  FRANCESO ISOLANI, M.D., an individual,     Case No.
   JANEY KUNKLE, M.D., an individual,          **COMPLAINT FOR DAMAGES:**
16  RENEE PETTY, M.D., an individual,          1. WILLFUL MISCLASSIFICATION AS
   ROGER PROCTOR, M.D., an individual and      INDEPENDENT CONTRACTOR IN
17  STARLA SILLS, M.D., an individual          VIOLATION OF LABOR CODE § 226.8;
                                               2. FAILURE TO PAY WAGES IN
18                                             VIOLATION OF LABOR CODE § 204;
                                               3. FAILURE TO REIMBURSE EMPLOYEE
19        Plaintiffs,                          FOR EXPENSES IN VIOLATION OF LABOR
                                               CODE §2802;
20     vs.                                     4. FAILURE TO MAINTAIN PAYROLL
                                               RECORDS IN VIOLATION OF LABOR
21  HIGHLAND GENERAL HOSPITAL, entity          CODE §§1174 AND 1174.5
   unknown, ALAMEDA HEALTH SYSTEM,             5. VIOLATION OF BUS. & PROF. CODE §
22  entity unknown; and DOES 1 through 25,     17200, ET SEQ.
                                               6. BREACH OF IMPLIED COVENANT OF
23        Defendants.                          GOOD FAITH AND FAIR DEALING;
                                               7. DECLARATORY RELIEF REGARDING
24                                             MISCLASSIFICATION AS AN
                                               INDEPENDENT CONTRACTOR;
25                                             8. RETALIATION, Cal. Lab. Code §6310;
                                               9. RETALIATION, Cal. Lab. Code §98.6;
26                                             10. CIVIL PENALTIES IN VIOLATION OF
                                               THE LABOR CODE PRIVATE ATTORNEY
27                                             GENERAL ACT OF 2004;

28                                             **DEMAND FOR JURY TRIAL**

                                            1

Plaintiffs FRANCESO ISOLANI, M.D. ("ISOLANI"), JANEY KUNKLE, M.D. ("KUNKLE"), RENEE PETTY, M.D. ("PETTY"), ROGER PROCTOR, M.D. ("PROCTOR"), and STARLA SILLS, M.D. ("SILLS") (Collectively referred to as "Plaintiffs" or "THE DOCTORS") allege against Defendant HIGHLAND GENERAL HOSPITAL ("HIGHLAND"), defendant ALAMEDA HEALTH SYSTEM (formerly ALAMEDA COUNTY MEDICAL CENTER) ("AHS") and DOES 1 to 25 ("DEFENDANTS"), inclusive, and each of them, as follows and demands a trial by jury on all matters herein alleged:

## THE PARTIES AND JURISDICTION

**Plaintiffs**

1.      Plaintiff ISOLANI was and, at all relevant times mentioned herein, is an adult individual and a resident of Alameda County, California. Plaintiff ISOLANI was first hired in or about 2000 as an intern Anesthesiologist, returned full-time in 2006, and remains employed at Highland General Hospital.

2.      Plaintiff KUNKLE was and, at all relevant times mentioned herein, is an adult individual and a resident of Alameda County, California. Plaintiff KUNKLE was first hired in or about 1989 as an Anesthesiologist and remains employed at Highland General Hospital.

3.      Plaintiff PETTY was and, at all relevant times mentioned herein, is an adult individual and a resident of Alameda County, California. Plaintiff PETTY was first hired in or about 2003 as an Anesthesiologist and remains employed at Highland General Hospital.

4.      Plaintiff PROCTOR was and, at all relevant times mentioned herein, is an adult individual and a resident of Alameda County, California. Plaintiff PROCTOR was first hired in or about 1988 as an Anesthesiologist and remains employed at Highland General Hospital.

5.      Plaintiff SILLS was and, at all relevant times mentioned herein, is an adult individual and a resident of Alameda County, California. Plaintiff SILLS was first hired in or about 2000 as an Anesthesiologist and remains employed at Highland General Hospital.

**Defendants**

6.      Defendant HIGHLAND GENERAL HOSPITAL is an entity organized under the laws of the State of Delaware and authorized to do business in the County of Alameda, State of

2

1  California.  Defendant HIGHLAND GENERAL HOSPITAL operates from its location at 1411 E.

2  31st Street Oakland, CA 94602.

3         7.  Defendant ALAMEDA HEALTH SYSTEM ("AHS"), entity unknown, is a major

4  public health care provider and medical training institution headquartered in Oakland, California.

5  On information and belief, AHS is a comprised of various medical campuses and wellness centers:

6  which includes among others, Defendant HIGHLAND GENERAL HOSPITAL.

7        8.  The true names and capacities whether individual, corporate, associate or otherwise

8  of the defendants designated herein as DOES 1 through 25, inclusive, are unknown to THE

9  DOCTORS at this time, and therefore sue such defendants by such fictitious names.  THE

10  DOCTORS will amend this Complaint to set forth the true names and capacities of the DOE

11  defendants named herein when such has been ascertained.  Each of the DOE defendants herein is

12  responsible in whole or in part for the damages alleged herein.

13        9.  At all times mentioned herein, each of the defendants, including all defendants

14  sued under fictitious names, were acting as the agent, employee or servant of each of the

15  remaining defendants and in doing the acts alleged herein was acting either as an individual or

16  within the course and scope of such agency, employment or service.

17       10.  Jurisdiction is based on the fact that the conduct which is the subject of this

18  Complaint occurred in Oakland, California, in the County of Alameda.

19  **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20       11.  Throughout THE DOCTORS' employment tenure with DEFENDANTS, each

21  Plaintiff was improperly classified as an independent contractor.  As such, each of THE

22  DOCTORS have been denied all pay and benefits owed to employees of the entity, including

23  without limitation, premium pay, reimbursement for business expenses, pay increases, medical

24  insurance, vacation pay, holiday pay, and pension contributions and/or matching.

25       12.  Throughout the duration of THE DOCTORS' employment, DEFENDANTS

26  employed other physicians and classified such individuals as employees and not as independent

27  contractors.

28       13.  Throughout the duration of THE DOCTORS' employment, THE DOCTORS

1  performed administrative duties, tasks and functions performed by employees of

2  DEFENDANTS.

3      14.    Throughout the duration of THE DOCTORS' employment, THE DOCTORS did

4  not have control over the manner and means in which they performed the Work. At all times

5  relevant hereto, DEFENDANTS exercised control over THE DOCTORS' practice of medicine,

6  by providing instructions about when, where and how to perform their work.

7      15.    Throughout the duration of THE DOCTORS' employment, THE DOCTORS'

8  Work was an ongoing and integral part of DEFENDANTS' regular and standard business

9  operations.

10      16.    Throughout the duration of THE DOCTORS' employment, DEFENDANTS

11  scheduled and established requisite amount of working hours for THE DOCTORS. Given THE

12  DOCTORS' work schedule, THE DOCTORS were precluded from performing Work for any

13  other third-party. THE DOCTORS worked exclusively for DEFENDANTS.

14      17.    Throughout the duration of THE DOCTORS' employment, DEFENDANTS

15  required that THE DOCTORS attend monthly departmental meeting and quality review

16  committee meetings regarding their Work, among other employee meetings such as community

17  meetings and physician forums.

18      18.    Throughout the duration of THE DOCTORS' employment, DEFENDANTS did

19  not permit THE DOCTORS to hire their own employees or contractors to assist with the Work.

20      19.    Throughout the duration of THE DOCTORS' employment, DEFENDANTS

21  provided THE DOCTORS with tools, materials and equipment required to perform their Work.

22      20.    Throughout the duration of THE DOCTORS' employment, THE DOCTORS'

23  opinions, recommendations and/or expertise have not been considered in determining the

24  necessary tools, materials and equipment to perform their Work.

25      21.    Throughout the duration of THE DOCTORS' employment, DEFENDANTS have

26  offered THE DOCTORS benefits, including malpractice insurance.

27      22.    THE DOCTORS have had an ongoing and continuous relationship with

28  DEFENDANTS ranging from seven (7) years (ISOLANI) to 25 years (PROCTOR).

23.     In or about April 2013, THE DOCTORS complained to DEFENDANTS, through its counsel, regarding their misclassification as independent contractors.  DEFENDANTS failed to respond to same.  THE DOCTORS continue to be classified as independent contractors.

### FIRST CAUSE OF ACTION
**Willful Misclassification
as Independent Contractor
in Violation of Labor Code §226.8**

24.     The DOCTORS incorporate by reference and reallege Paragraphs 1 through 23 as though fully set forth herein.

25.     From the inception of THE DOCTORS' employment, DEFENDANTS willfully misclassified THE DOCTORS as independent contractors in order to avoid paying them and other similarly situated workers, wages and fringe benefits, including without limitation, premium pay, expenses, pay increases, medical insurance, vacation pay, holiday pay, pension contributions and/or pension matching and pay increases.

26.     California Labor Code § 226.8 provides that it is unlawful for any person or employer to willfully misclassify an individual as an independent contractor.

27.     Pursuant to Labor Code § 226.8, DEFENDANTS shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.

28.     Pursuant to Labor Code § 226.8, DEFENDANTS shall also be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law, for if the Labor and Workforce Development Agency or a court issues a determination that DEFENDANTS have engaged in or is engaging in a pattern or practice of these violations.

29.     WHEREFORE, THE DOCTORS prays judgment against DEFENDANTS, and each of them, as hereafter set forth.

//

//

//

**SECOND CAUSE OF ACTION**
**Failure to Pay Wages**
**in Violation of Labor Code § 201, et seq.**
**(Against DEFENDANTS)**

30.     THE DOCTORS incorporate by reference and reallege Paragraphs 1 through 29 as though fully set forth herein.

31.     From the inception of THE DOCTORS' employment, DEFENDANTS willfully misclassified THE DOCTORS as independent contractors in order to avoid paying them and other similarly situated workers, wages and fringe benefits, including without limitation, premium pay, call back pay, expenses, pay increases, medical insurance, vacation pay, holiday pay, pension contributions and/or pension matching and pay increases.

32.     At all times relevant herein, Labor Code § 204 provided that for professional exempt employees, including THE DOCTORS, all wages are due and payable once a month on or before the 26th day of the month during which the labor was performed if the entire month's salaries, including the unearned portion between the date of payment and the last day of the month, are paid at that time.

33.     DEFENDANTS failed to pay THE DOCTORS all wages owed, including without limitation, premium pay, call back pay, expenses, medical insurance, vacation pay, holiday pay, pension contributions and/or pension matching and pay increases, on a monthly basis.

34.     DEFENDANTS failure to pay THE DOCTORS all wages owing was and is willful.

35.     As a direct and proximate result of DEFENDANTS' failure to pay the aforementioned wages and benefits, THE DOCTORS have accrued lost wages and benefits in an amount as yet undetermined but within the jurisdiction of this Court.

36.     Pursuant to Labor Code § 210, DEFENDANTS shall be subject to a civil penalty as follows: For any initial violation, one hundred dollars ($100) for each failure to pay each employee and for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee.

37.     Pursuant to Labor Code § 218.5, THE DOCTORS are entitled to and request an award of reasonable attorney's fees and costs incurred in this action.

1    38.    WHEREFORE, THE DOCTORS pray judgment against DEFENDANTS, and each

2  of them, as hereafter set forth.

3
### THIRD CAUSE OF ACTION
4  **Failure to Reimburse Employee for Expenses**
**in Violation of Labor Code § 2802**
5  **(Against DEFENDANTS)**

6    39.    THE DOCTORS incorporate by reference and realleges Paragraphs 1 through 38

7  as though fully set forth herein.

8    40.    From the inception of THE DOCTORS' employment, DEFENDANTS willfully

9  misclassified THE DOCTORS as independent contractors in order to avoid paying them and

10  other similarly situated workers, wages and fringe benefits, including without limitation,

11  premium pay, call back pay, expenses, pay increases, medical insurance, vacation pay, holiday

12  pay, pension contributions and/or matching.

13    41.    From the inception of THE DOCTORS' employment through the present, THE

14  DOCTORS, while rendering Work for DEFENDANTS, incurred numerous business expenditures

15  and losses, including without limitation, continuing medical education, which were required and

16  necessary for the performance of THE DOCTORS' Work for DEFENDANTS.

17    42.    Pursuant to the provisions of Labor Code § 2802(a), THE DOCTORS request

18  indemnification   for   their   necessary   business   expenditures   from   DEFENDANTS.

19  DEFENDANTS have refused to indemnify THE DOCTORS and continue to refuse to do so to

20  THE DOCTORS's damage in an amount subject to proof at trial.

21    43.    Pursuant to the provisions of Labor Code § 2802(b), THE DOCTORS are entitled

22  to interest at the same rate as judgments in civil actions, which shall accrue from the date on

23  which THE DOCTORS incurred their expenses.

24    44.    Pursuant to the provisions of Labor Code § 2802(c), THE DOCTORS are entitled

25  to and requests attorney's fees incurred by her in enforcing her rights granted by this section.

26    45.    WHEREFORE, THE DOCTORS pray judgment against DEFENDANTS, and each

27  of them, as hereafter set forth.

28
### FOURTH CAUSE OF ACTION

7

**Failure to Maintain Payroll Records**
**In Violation of Cal. Labor Code §§ 1174 and 1174.5**
**(Against DEFENDANTS)**

46.     THE DOCTORS incorporate by reference and reallege Paragraphs 1 through 45 as though fully set forth herein.

47.     California Labor Code § 1174(d) provides in pertinent part, that employers must keep payroll records showing the hours worked daily by and the wages paid to employees. These records shall be kept on file for not less than two years.

48.     On information and belief, DEFENDANTS failed to maintain accurate payroll records.

49.     DEFENDANTS' failure to maintain accurate payroll records violates Labor Code §§ 1174 and 1174.5, and is therefore unlawful.

50.     Pursuant to California Labor Code § 1174.5, any person employing labor who willfully fails to maintain the records required by § 1174 (d) shall be subject to a civil penalty of five hundred dollars ($500).

51.     WHEREFORE THE DOCTORS pray judgment against DEFENDANTS, and each of them, as hereafter set forth.

### FIFTH CAUSE OF ACTION
**Violation of Business and Profession Code Section 17200, et seq.**
**Unlawful/Deceptive Business Acts or Practices**
**(Against DEFENDANTS)**

52.     THE DOCTORS incorporate by reference and reallege Paragraphs 1 through 51 as though fully set forth herein.

53.     DEFENDANTS engaged in the acts and practices as set forth more particularly above. Said acts and practices were in violation of California statutory law and regulations, including, but not limited to, Labor Code §§ 201, 226.8, 1174, 1174.5, 2802.

54.     By violating the foregoing statutes and regulations, the acts of DEFENDANTS constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

55.     As a direct and proximate result of DEFENDANTS' conduct, THE DOCTORS

8

1  have suffered damages and request damages and/or restitution of all monies and profits to be

2  disgorged from DEFENDANTS in an amount according to proof at time of trial.

3      56.    WHEREFORE THE DOCTORS pray judgment against DEFENDANTS, and each

4  of them, as hereafter set forth.

### SIXTH CAUSE OF ACTION
**Breach of Implied Covenant of Good Faith and Fair Dealing**
**(Against DEFENDANTS)**

57.    THE DOCTORS incorporate by reference and reallege Paragraphs 1 through 56 as though fully set forth herein.

58.    Defendants provided THE DOCTORS with Work Agreements at each of their respective start dates. These work agreements have been periodically renewed and provided to THE DOCTORS.

59.    Each and every Work Agreement entered into by the parties contains an implied covenant of good faith and fair dealing, which obligated DEFENDANTS to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would deprive THE DOCTORS of the benefits of the Agreement.

60.    DEFENDANTS willfully misclassified THE DOCTORS as independent contractors in order to avoid paying THE DOCTORS and other similarly situated workers, wages and fringe benefits, including without limitation, premium pay, call back pay, expenses, medical insurance, vacation pay, holiday pay, pension contributions and/or pension matching and pay increases.

61.    THE DOCTORS, in reliance on DEFENDANTS' misrepresentations that they were independent contractors and DEFENDANTS' classification of THE DOCTORS as same, accepted its offer of employment thereby foregoing certain wages and fringe benefits as set forth above.

62.    DEFENDANTS breached the implied covenant of good faith and fair dealing under the Agreement by intentionally, maliciously, and without probable cause, in bad faith and for reasons extraneous to the contract, willfully misclassifying THE DOCTORS as an

9

1  independent contractor in order to avoid paying THE DOCTORS and other similarly situated

2  workers, wages and fringe benefits as set forth above.

3      63.   As a proximate result of DEFENDANTS' conduct as set forth above, THE

4  DOCTORS have been injured in that they have suffered the loss of wages, salary, benefits, and

5  additional amounts of money they would have received had they been properly classified as

6  employees, in an amount according to proof at trial and within the jurisdiction of this Court.

7      64.   WHEREFORE, THE DOCTORS pray judgment against DEFENDANTS, and

8  each of them, as set forth herein.

9

10                 **SEVENTH CAUSE OF ACTION**
                **Declaratory Relief Regarding**

11       **Misclassification as an Independent Contractor**
                 **(Against DEFENDANTS)**

12

13      65.   THE DOCTORS incorporate by reference and reallege Paragraphs 1 through 64

14  as though fully set forth herein.

15      66.   As set forth above, DEFENDANTS provided Work Agreements to THE

16  DOCTORS which classified THE DOCTORS as independent contractors. However, given the

17  actual relationship of the parties and control over THE DOCTORS and their Work, THE

18  DOCTORS were in fact employees and should have been classified as such. DEFENDANTS

19  continue to maintain that THE DOCTORS are in fact independent contractors.

20      67.   An actual controversy has arisen and now exists between THE DOCTORS and

21  DEFENDANTS concerning their respective rights and duties in that THE DOCTORS contend

22  that they have been improperly misclassified as independent contractors rather than an

23  employees, thereby depriving them of wages and fringe benefits, including without limitation,

24  premium pay, call back pay, expenses, medical insurance, vacation pay, holiday pay, pension

25  contributions and/or pension matching and pay increases and protection under the wage and hour

26  laws, whereas DEFENDANTS dispute these contentions and contends that THE DOCTORS are

27  in fact independent contractors.

28      68.   THE DOCTORS desire a judicial determination of their rights and duties, and a

declaration as to whether THE DOCTORS are employees or independent contractors of DEFENDANTS.

69.   A judicial declaration is necessary and appropriate at this time under the circumstances in order that THE DOCTORS may ascertain their rights and duties.

70.   WHEREFORE, THE DOCTORS pray judgment against DEFENDANTS, and each of them, as set forth herein.

## EIGHTH CAUSE OF ACTION
### Retaliation
### Violation of Cal. Labor Code § 6310, et seq.
### (Against DEFENDANTS)

71.   THE DOCTORS incorporate by reference and reallege Paragraphs 1 through 70 as though fully set forth herein.

72.   Throughout the DOCTORS' employment, they complained of health and safety violations in the workplace, including but not limited to, broken Aisys machines and drug shortages.

73.   In retaliation for the DOCTORS' complaints regarding DEFENDANTS' unlawful conduct, DEFENDANTS have unduly scrutinized their work, including being subjected to Quality Review Committee meetings wherein the DOCTORS' work has been called into question in violation of Labor Code §6310. Said public policy affects the public at large.

74.   As a further direct and proximate result of the foregoing conduct, the DOCTORS have been harmed in that the DOCTORS have suffered humiliation, mental anguish, outrage, emotional and physical distress, and have been injured in mind and body, in that they also suffered severe trauma to their nervous system, a loss of sleep, depression and anxiety. As a result of such conduct, the DOCTORS have suffered damages in an amount according to proof.

75.   DEFENDANTS acted with malice, oppression and fraud and in reckless disregard to THE DOCTORS' rights, in that DEFENDANTS retaliated against THE DOCTORS for their complaints regarding health and safety violations. DEFENDANTS' conduct warrants the assessment of punitive damages in an amount sufficient to punish defendants to deter others from

1   engaging in similar misconduct.

2   76.   WHEREFORE, THE DOCTORS pray judgment against DEFENDANTS, and

3   each of them, as hereafter set forth.

4

5                           **NINTH CAUSE OF ACTION**
                                      **Retaliation**
6                        **Violation of Cal. Labor Code § 98.6**
                               **(Against DEFENDANTS)**
7
        77.   The DOCTORS incorporate by reference and reallege Paragraphs 1 through 76 as
8
    though fully set forth herein.
9
        78.   In or about April 2013, the DOCTORS, through their counsel, complained of
10
    wage and hour violations against DEFENDANTS, including but not limited to, misclassification
11
    of the DOCTORS as independent contractors.
12
        79.   In retaliation for the DOCTORS' complaints regarding the DEFENDANTS'
13
    unlawful conduct, DEFENDANTS have unduly scrutinized their work, including being subjected
14
    to QRC meetings wherein the DOCTORS' work has been called into question in violation of
15
    Labor Code §98.6 which prohibits retaliation against employees who make bona fide complaints
16
    about wage and hour violations. Said public policy affects the public at large.
17
        80.   As a further direct and proximate result of the foregoing conduct, the DOCTORS
18
    have been harmed in that the DOCTORS have suffered humiliation, mental anguish, outrage,
19
    emotional and physical distress, and has been injured in mind and body, in that they also suffered
20
    severe trauma to their nervous system, a loss of sleep, depression and anxiety. As a result of
21
    such conduct, the DOCTORS have suffered damages in an amount according to proof.
22
        81.   DEFENDANTS acted with malice, oppression and fraud and in reckless disregard
23
    to THE DOCTORS' rights, in that DEFENDANTS retaliated against THE DOCTORS for their
24
    complaints regarding health and safety violations. DEFENDANTS' conduct warrants the
25
    assessment of punitive damages in an amount sufficient to punish defendants to deter others from
26
    engaging in similar misconduct.
27
        82.   WHEREFORE, THE DOCTORS prays judgment against DEFENDANTS, and
28
                                            12

1   each of them, as hereafter set forth.

2   **TENTH CAUSE OF ACTION**
    **For Workforce Civil Penalties in**
3   **Violation of the Labor Code Private Attorney General Act of 2004,**
    **Cal. Labor Code Section § 2698, et seq.**

4
    83.    The DOCTORS incorporate by reference and reallege Paragraphs 1 through 82 as

5   though fully set forth herein.

6
    84.    The DOCTORS are aggrieved employees as defined in Cal. Lab. Code Sec. 2699(a).

7
    85.    Plaintiffs are informed and believe and thereon allege that each Defendant

8   committed the following violations of the California Labor Code against Plaintiffs and, on

9   information and belief, against other current or former employees while employed by

10  Defendants:

11
    86.    Defendants violated California Labor Code §§ 201, et seq. (willful failure to pay

12  wages), 226.8 (willful misclassification as independent contractors), 1174 and 1174.5 (failure to

13  maintain payroll records) and 2802 (failure to reimburse employee expenses), as described above.

14
    87.    DEFENDANTS violated the Cal. Lab. Code by willfully misclassifying THE

15  DOCTORS as independent contractors in order to avoid paying them and other similarly situated

16  workers, wages and fringe benefits, including without limitation, premium pay, pay increases,

17  medical insurance, vacation pay, holiday pay, pension contributions and/or pension matching and

18  pay increases.

19
    88.    Cal. Lab. Code § 2699(f) provides:

20

21      For all provisions of this code except those for which a civil penalty is specifically
        provided, there is established a civil penalty for a violation of these provisions, as
22      follows: "... (2) If, at the time of the alleged violation, the person employs one or more
        employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee
23      per pay period for the initial violation and two hundred dollars ($200) for each aggrieved
        employee per pay period for each subsequent violation."
24

25      89.    Pursuant to Cal. Lab. Code § 2699.3(a) prior to the filing of this complaint, Plaintiffs

26  gave written notice by certified mail on July 2, 2013 to each Defendant and the Labor Workforce

27  Development Agency (LWDA) of the factual and legal basis for the labor law violations alleged in

28  this complaint.

13

1    90.   The LWDA has failed to investigate and/or failed to issue a citation within the

2    requisite time period provided in Cal. Labor Code § 2699.3(a).

3    91.   Plaintiffs request workforce wide civil penalties and other relief, including recovery

4    off attorneys' fees and costs as described below

5    92.   WHEREFORE, THE DOCTORS prays judgment against DEFENDANTS, and

6    each of them, as hereafter set forth.

7                                    **PRAYER FOR RELIEF**

8    WHEREFORE, THE DOCTORS pray judgment against DEFENDANTS, as follows:

9    1.   For a declaration that THE DOCTORS were misclassified by DEFENDANTS as

10   independent contractors and are in fact employees;

11   2.   For general damages in an amount according to proof at trial;

12   3.   For penalties and fines as allowed by law under the California Labor Code in an

13   amount according to proof at trial;

14   4.   For reasonable attorney's fees as allowed by law and in an amount according to

15   proof;

16   5.   For punitive and exemplary damages for any despicable conduct constituting

17   fraud, malice and/or oppression as those terms are defined in Civil Code §3294; and

18   6.   For costs of suit and expert fees pursuant to applicable statutes; and

19   7.   For such other and further relief as the Court deems just and proper.

20

21   DATED: September 5, 2013.          **ALBERT G. STOLL, LAW CORP.**

22

23                                      By: _____
                                            Jessica Juárez
24                                          Attorneys for Plaintiffs
                                            FRANCESO ISOLANI, M.D., JANEY KUNKLE,
25                                          M.D., RENEE PETTY, M.D., ROGER PROCTOR,
                                            M.D. and STARLA SILLS, M.D.
26

27

28

# EXHIBIT B

TO        Page 5 of 20                        2013-09-06 00 09 04 (GMT)                    14156761501   From  Albert Stoll

**SUMMONS**
*(CITACION JUDICIAL)*

<table>
<tr><td>

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Highland General Hospital, entity unknown,
Alameda Health System, entity unknown; and
DOES 1 through 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Francesco Isolani, M.D., an individual,
Jane Kunkle, M.D., an individual, Renee Petty, M.D., an individual, Roger Proctor, M.D., an individual and Starla Sills, M.D., an individual
</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED BY FAX**
ALAMEDA COUNTY

September 06, 2013

CLERK OF
THE SUPERIOR COURT
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE! The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda Superior Court
1225 Fallon Street
Oakland, CA 94612
</td><td>

CASE NUMBER: *(Número del Caso):*

RG13694735
</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jessica Juarez                           Albert G. Stoll, Jr., A Law Corporation
55 Francisco Street, Suite 403           (415) 576-1500
San Francisco, CA 94133

DATE:                         Clerk, by _____ , Deputy
*(Fecha)*                     *(Secretaria)*                           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ALAMEDA HEALTH SYSTEM
   under:  ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* 415.95 A BUSINESS ORGANIZATION FORM UNKNOWN
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**                                                    Code of Civil Procedure §§ 412.20, 465
                                                               www.courtinfo.ca.gov

Martin Dean's
ESSENTIAL FORMS™

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

RECEIVED
OCT 08 2013
ACMC
BOARD OF TRUSTEES

Proctor et al

Hand delivered 10:30 am

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Jessica Juarez 269600
Albert G. Stoll, Jr., A Law Corporation
55 Francisco Street, Suite 403
San Francisco, CA 94133
TELEPHONE NO: (415) 576-1500   FAX NO: (415) 576-1501
ATTORNEY FOR *(Name)*: Francesco Isolani, M.D., an individual,

**FILED BY FAX**
ALAMEDA COUNTY

September 06, 2013

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:

**RG13694735**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Oakland

CASE NAME: Isolani et al. v. Highland Hospital et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify)*: Ten
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 5, 2013

Jessica Juarez, Esq.
(TYPE OR PRINT NAME)                    ►                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Proctor et al

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice-Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

# EXHIBIT D

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*
## *09/03/2013*

Case Number: RG13694735
Case Title:    Isolani VS Highland General Hospital
Date of Filing: 09/06/2013

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Kimberly E. Colwell** |
| **Department:** | **18** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6934** |
| **Fax Number:** | **(510) 267-1506** |
| **Email Address:** | **Dept.18@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY

OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(d) effective as of 01/01/2013).  All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Kimberly E. Colwell
DEPARTMENT 18

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's Web site also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Counsel are expected to be familiar and comply with the Statement of Professionalism and Civilty, Alameda County Bar Association www.acbanet.org (link at bottom of page).  Email is the preferred method of communicating  with court staff in Dept. 18, particularly for scheduling hearings.  Telephone communications are possible, but use of email will greatly facilitate a prompt response to your inquiries.  When a copy of a document must be transmitted to court staff, it should be hand-delivered to Dept. 18.  PDFs should not be emailed to the Court without prior permission;  as such attachments can disable the Court's email in-box.  Further, the use of an email attachment is not a substitute for filing of pleadings or other documents.  All email communications should be copied to all parties for whom an email address is available, so inclusion  of available email addresses in the caption of all filed papers, as required by CRC 2.111(1) is critical.

## Schedule for Department 18

The following scheduling information is subject to change at any time, without notice.  Please contact the department at the phone number or email address noted above if you have questions.  Anyone seeking to schedule a hearing must first "meet and confer" with counsel regarding proposed dates then contact Dept. 18 via email with copies to all counsel.

- Trials generally are held:  Unless otherwise advised, both court and jury trials are Monday through Thursday from 9:30AM through 4:30PM.  Cases may trail a trial in progress.

- Case Management Conferences are held:  M, T and Th at 9AM.  Timely filed and completed Case Management Conference Statements, along with courtesy copies

delivered directly to Dept. 18 are required and may eliminate the need for a hearing. Please check your case on DOMAINweb for the TCMO.

- Law and Motion matters are heard:  Wednesday at 9AM & Fridays @ 10AM.  Email D-18 for reservations with case name, number, title, who you represent, & dates for reservation.  Courtesy copies are to be submitted directly to Dept. 18 (HARD COPY ONLY).

- Settlement Conferences are heard:  as scheduled by the Judge.  Court resources are limited, and counsel should consider other ADR alternatives.  Conferences will be specially set when deemed appropriate.

- Ex Parte matters are heard:  The Court prefers to resolve ex parte applications on the papers only.  If a matter is time sensitive, opposition is expected, and/or personal appearances are otherwise warranted, the parties may request a time for appearance via email.

- Always check the website the day before the hearing for developments on your case. See link to above "List of documents" for more information on department.

- (1) Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC 3.724).  (2) Potential discovery and other problems should be anticipated and discussed. (3) No discovery motion shall be filed without prior serious efforts to resolve it.  If unsuccessful, moving party may then email the Court attaching a letter (max 2 pages) outlining the dispute.  Opposing party may email a brief response within 2 court days.  Counsel may call the Court directly on emergency time-sensitive matters.  The Court will advise the parties how the issue will be resolved.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:      Dept.18@alameda.courts.ca.gov
  Phone:      510-267-6934


- Ex Parte Matters
  Email:      Dept.18@alameda.courts.ca.gov
  Phone:      510-267-6934

  For more information or any other questions please email dept. 18.

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 18
- Phone:  1-866-223-2244

Dated:  09/10/2013

Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/11/2013

By

Deputy Clerk

# EXHIBIT E

Albert G. Stoll, Jr., A Law Corporation
Attn:  Juarez, Jessica
55 Francisco Street
Suite 403
San Francisco, CA   94133

## Superior Court of California, County of Alameda

| | |
|---|---|
| Isolani<br><br>**Plaintiff/Petitioner(s)**<br>VS.<br><br>Highland General Hospital<br>**Defendant/Respondent(s)**<br>(Abbreviated Title) | No. <u>RG13694735</u><br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER**<br>Unlimited Jurisdiction |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date:  01/23/2014<br>Time:  09:00 AM | Department: **18**<br>Location: **Administration Building<br>Third Floor<br>1221 Oak Street, Oakland  CA  94612**<br><br>Internet: **http://www.alameda.courts.ca.gov** | **Judge:  Kimberly E. Colwell**<br>Clerk:  **Courtroom Clerk RCD**<br>Clerk telephone:  **(510) 267-6934**<br>E-mail:<br>**Dept.18@alameda.courts.ca.gov**<br>Fax:  **(510) 267-1506** |

### ORDERS

1.   You must:
   a.   **Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint** (CRC 3.110(b));
   b.   **Give notice of this conference to any party not included in this notice and file proof of service;**
   c.   **Meet and confer,** in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
   d.   **File and serve a completed Case Management Statement** (use of Judicial Council Form CM-110 is mandatory) at least **15** days before the Case Management Conference (CRC 3.725)*

2.   If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30.  The hearing on the Order to Show Cause re:  Sanctions will be at the same time as the Case Management Conference.  Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.   You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above.  You must be thoroughly familiar with the case and fully authorized to proceed.

4.   The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a.   Referring to ADR and setting an ADR completion date
   b.   Dismissing or severing claims or parties
   c.   Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at http://apps.alameda.courts.ca.gov/domainweb.
   †Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference.  Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946.  This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/11/2013.

By _____

Deputy Clerk