United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESO ISOLANI, M.D., et al.,<br><br>            Plaintiff,<br><br>   v.<br><br>HIGHLAND GENERAL HOSPITAL, et al.,<br><br>            Defendants. | Case No.: C-13-05119 JSC<br><br>**ORDER TO SHOW CAUSE TO DEFENDANTS RE: SUBJECT MATTER JURISDICTION** |

Plaintiffs brought this state-law employment action against Defendants in the Superior Court of California for the County of Alameda seeking, among other things, civil penalties and back pay arising out of Defendants' alleged misclassification of Plaintiffs as independent contractors rather than employees.  Defendants subsequently removed the action to this Court on the basis of federal question jurisdiction.

Defendants, as the parties seeking removal to this federal court, bear the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992).  Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that

United States District Court
Northern District of California

1   it has federal subject matter jurisdiction.  *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir.

2   2004).  The Court has reviewed the Notice of Removal and has determined that there is a significant

3   question as to whether federal question jurisdiction exists.

4        "Federal question jurisdiction exists only when a federal question exists on the face of a well-

5   pleaded complaint."  *ING Bank, FSB v. Pineda*, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012).

6   The removed complaint makes only state law claims.  (Dkt. No. 1, p. 5.)  Specifically, Plaintiffs

7   allege claims under the California Labor Code, the California Business and Professions Code, as

8   well as claims for declaratory relief and breach of the implied covenant of good faith and fair

9   dealing.  (*Id.*)  The Notice of Removal states that federal question jurisdiction exists pursuant to the

10  Employee Retirement Income Security Act ("ERISA").  Defendants reason that Plaintiffs' claims are

11  governed by ERISA because Plaintiffs allege "that Defendants willfully avoided paying Plaintiffs

12  monetary sums owed them for medical insurance."  (*Id.* at p. 2.)  The Court is not yet persuaded that

13  Plaintiffs' claims for lost wages and benefits—a typical state-law wage-and-hour dispute, in other

14  words—is governed by ERISA.  *See Acosta v. AJW Const.*, 2007 WL 4249852, at *4 (N.D. Cal.

15  Nov. 30, 2007) (remanding action and concluding that plaintiffs' claims for accrued vacation time

16  under the Labor Code were not governed by ERISA since defendants had not shown that the benefit

17  plan fell within ERISA, and even if it did fall within ERISA, "Plaintiffs' claims for unpaid wages

18  accrued during paid time off appear to require little more than cursory consultation with the

19  collective bargaining agreement").

20       Accordingly, Defendants are ORDERED to SHOW CAUSE as to why this Court has subject

21  matter jurisdiction.  Defendants shall file a response in writing by **January 7, 2014** that

22  demonstrates why this Court has jurisdiction.  Plaintiffs' response, if any, must be filed by January

23  13, 2014.

24       The Court also reschedules the hearing on Defendants' motions to dismiss and strike to

25  January 16, 2014 at 9:00 a.m.

26  //

27  //

28  //

2

IT IS SO ORDERED.

Dated: December 16, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28