IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESO ISOLANI, M.D., et al., | Case No.: C-13-05119 JSC |
| Plaintiffs, | **FURTHER ORDER RE: SUBJECT MATTER JURISDICTION** |
| v. | |
| HIGHLAND GENERAL HOSPITAL, et al., | |
| Defendants. | |

Plaintiffs brought this state-law employment action against Defendants in the Superior Court of California for the County of Alameda, asserting that they were denied certain wages, reimbursements, and medical insurance arising out of Defendants' alleged misclassification of Plaintiffs as independent contractors rather than employees. Defendants subsequently removed the action to this Court on the basis of federal question jurisdiction.

Defendants, as the parties seeking removal to this federal court, bear the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that

it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). Although Defendants have already responded to the Court's order to show cause as to why subject matter jurisdiction exists in this case, Defendants' response, as explained below, does not apply the correct law in analyzing the relevant issue.

"Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). "[T]he plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks omitted). Nonetheless, "there exist a handful of extraordinary situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007) (internal quotation marks omitted). "Under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law." *Id.* "The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

"ERISA is one such exception to the 'well-pleaded complaint rule.'" *Vandenberg v. Beyers Costin*, 2014 WL 108380, at *3 (N.D. Cal. Jan. 10, 2014). It was enacted to "provide a uniform regulatory regime over employee benefit plans," and thus contains broad preemption provisions to ensure that employee benefit plan regulation is "exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (internal citations omitted). There are two types of preemption under ERISA: (1) "complete preemption" under § 502(a) of ERISA, 29 U.S.C. § 1132(a); and (2) "conflict preemption" under § 514(a) of ERISA, 29 U.S.C. § 1144(a). *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944–945 (9th Cir. 2009).

In *Marin General*, the Ninth Circuit "ma[de] clear" the difference between complete preemption and conflict preemption under ERISA, as well as "the different jurisdictional consequences that result from these two kinds of preemption." 581 F.3d at 945. The court explained:

> If a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a), that complaint is converted from an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded

complaint rule. But if the doctrine of complete preemption does not apply, even if the defendant has a defense of conflict preemption within the meaning of § 514(a) because the plaintiff's claims 'relate to' an ERISA plan, the district court is without subject matter jurisdiction .

*Id.* (alterations, citations, and internal quotation marks omitted).

To determine whether state-law claims are completely preempted under Section 502, courts apply the two-step test set forth in *Davila*: "a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Marin Gen.*, 581 F.3d at 946 (quoting *Davila*, 542 U.S. at 210).

Defendants' response to the Court's Order does not apply this two-step test; rather, Defendants assert that complete preemption exists merely because Plaintiffs' claims "relate to" an employee benefit plan under Section 514. However, as explained by the Ninth Circuit in *Marin General*, Section 514 conflict preemption is not the same as Section 502 complete preemption, and a finding of conflict preemption is insufficient to confer subject matter jurisdiction over state law claims. Because Defendants' response does not address the relevant test, the Court will allow Defendants another opportunity to demonstrate that subject matter jurisdiction exists in this case. In their supplemental response, if any, Defendants shall apply the two-part test set out in *Davila* and further explained in *Marin General*. Defendants shall address under the first prong, in particular, how Plaintiffs could have brought a claim under Section 502 of ERISA given Defendants' insistence that Plaintiffs were never Defendants' employees. *See* 29 U.S.C. § 1132(a)(1) (providing that an action under Section 502 may be brought by a "participant or beneficiary"); *see also* 29 U.S.C. 1002(7) (defining "participant" as "any employee or former employee of an employer").

Defendants shall file their response to this Order by no later than February 7, 2014. Plaintiffs may file a response to Defendants' submission by no later than February 14, 2014. The Court cannot decide Defendants' motion to dismiss until Defendants have demonstrated that this Court has subject matter jurisdiction of this action.

IT IS SO ORDERED.

3

Dated: January 27, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE